# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**JENNIFER L. MILLIGAN**                                                               **PLAINTIFF**

**V.**                                **CIVIL ACTION NO.: 1:08CV32-SA-JAD**

**CHASE HOME FINANCE, LLC AND**
**PRIORITY TRUSTEE SERVICES OF**
**MISSISSIPPI, LLC**                                                     **DEFENDANTS**

## MEMORANDUM OPINION DENYING REMAND

Presently before the Court is the Plaintiff's Motion to Remand [18] this matter to the Chancery Court of Alcorn County, Mississippi. Having considered the motion and responses, the Court finds that the motion is not well taken and is therefore denied.

### I. Factual and Procedural Background

Plaintiff and Kerry Lane Milligan entered into a mortgage with Peoples Bank and Trust Company ("Peoples Bank") on March 3, 1999. The thirty-year fixed rate note was in the principal amount of $115,600. Plaintiff and Kerry Lane Milligan executed a deed of trust in conjunction with this transaction that granted Peoples Bank a security interest in the real property they owned at 2908 Lake Terrace Drive, Corinth, Mississippi. The appraisal performed in conjunction with the mortgage valued the Lake Terrace property at $149,000. Peoples Bank assigned the mortgage to Chase Manhattan Mortgage ("CMM") on March 18, 1999. CMM then assigned the mortgage to the Federal Home Loan Mortgage Corporation ("Freddie Mac") on April 9, 1999. Chase Home Finance ("Chase") services the mortgage on behalf of Freddie Mac.

According to Defendants, Plaintiff defaulted on the mortgage by December 2003, and it continued to be in default at various times over the course of the next four years. Chase sought to

foreclose on the property, and the foreclosure was set for February 14, 2008. Plaintiff commenced this action on February 1, 2008 in the Chancery Court of Alcorn County, Mississippi. The Defendants included Chase and Priority Trustee Services of MS, LLC ("Priority Trust"), the substitute trustee. In her petition, Plaintiff claims that she is entitled to an accounting of the amount she owes. The petition demands preliminary and injunctive relief to prevent foreclosure on the property. Further, Plaintiff seeks an unspecified amount of compensatory and punitive damages, and attorney's fees. An order enjoining Defendants from foreclosing on the property was entered by the chancery court on February 13, 2008.

Defendants timely removed the case asserting federal diversity as the basis for removal on February 20, 2008. Over two months later on May 6, 2008, Plaintiff motioned the Court to remand this matter to state court contending that federal diversity jurisdiction does not exist because the amount in controversy requirement has not been satisfied. Plaintiff further contends that Defendant Priority Trust has not joined in nor been made a party to the action of removal.

## II. Standard for Remand

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the districts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a); Addo v. Globe Life and Accident Ins. Co., 230 F.3d 759, 761 (5th Cir. 2000).

Once a motion to remand has been filed, the burden is on the removing party to establish that

2

federal jurisdiction exists. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). After removal of a case, the plaintiff may move for remand, and "[i]f it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Fifth Circuit has held that the removal statutes are to be construed "strictly against removal and for remand." Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 106 (5th Cir. 1996); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-9, 61 S. Ct. 868, 85 L. Ed. 1214 (1941).

Specifically, where the plaintiffs concede that the action is between citizens of different states but asserts that diversity jurisdiction does not exist due to the amount in controversy being less than $75,000, the plaintiffs' claim for damages - as set forth in the complaint - remains presumptively correct unless the removing defendant can show by a preponderance of the evidence that the amount in controversy is actually greater than $75,000. See Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353, 81 S. Ct. 1570, 6 L. Ed. 2d 890 (1961) (holding that amount in controversy is determined from complaint itself, unless it appears that "the amount stated in complaint is not claimed in good faith."); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 282, 288, 58 S. Ct. 586, 82 L. Ed. 845 (1938); St. Paul Reinsurance Co. Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998); De Aguilar, 47 F.3d at 1412.

If the removing defendant is able to establish that the amount in controversy exceeds $75,000, removal of the case is deemed proper unless the plaintiff shows that, as a matter of law, it is certain that he will not be able to recover more than $75,000. Allen, 63 F.3d at 1335-36; De Aguilar, 47 F.3d at 1411. In other words, once the removing defendant has established by a preponderance of the evidence that the federal jurisdictional minimum has been met, it must appear to a "legal certainty" that the plaintiffs' claim is for less than the jurisdictional amount; otherwise,

3

the federal jurisdictional amount is deemed to have been met. De Aguilar. 47 F.3d at 1412.

### III. Discussion

A.      Procedural Objections to Removal

Plaintiff challenges the removal of this action because Priority Trust "had not joined in nor been made a party to the action for removal." This procedural challenge to removal is both untimely and without merit. Under 28 U.S.C. § 1447(c), a motion to remand based upon any procedural defect must be made within thirty days of notice of removal. By failing to timely seek remand, a party "waive[s] any non-jurisdictional grounds for remand existing at the time of removal. See In re Shell Oil Co., 932 F. 2d 1518, 1523 (5th Cir. 1991). "The failure of all defendants to join in the removal petition is not a jurisdictional defect." See Johnson v. Helmerich Payne, Inc., 892 F. 2d 422, 423 (5th Cir. 1990). Here, Chase removed this action on February 20, 2008. Accordingly, Plaintiff's procedural challenge to Priority Trust's alleged failure to join in the notice of removal is untimely.

Despite Plaintiff's contention that Priority Trust failed to join in the action for removal, Priority Trust indeed joined and consented to the notice of removal on February 20, 2008, the same day this case was removed. Thus, Plaintiff's argument is without merit.

B.      Complete Diversity of Citizenship

Diversity jurisdiction under § 1332 requires complete diversity between a plaintiff and all of the defendants. While a corporation is deemed to be a citizen of the state where it is incorporated and has its principal place of business, 28 U.S.C. § 1332 (c)(1), "the citizenship of an LLC is determined by the citizenship of all of its members." Harvey v. Grey Wolf Drilling Co., 542 F. 3d 1077, 1080 (5th Cir. 2008).

Plaintiff is an adult resident citizen of Mississippi. Chase is a Delaware limited liability

4

company. Chase's sole member is Chase Home Finance, Inc., a Delaware corporation with its principal place of business in New Jersey. Priority Trust is a Mississippi limited liability company; however, it is not a citizen of Mississippi for jurisdictional purposes given that none of its members are citizens of Mississippi. See Id. Priority Trust's members include Larry W. Johnson, Joel A. Freedman, Mark A. Baker, Daniel L. Feinstein, and Charity R. Bridgewater. All Priority Trust's members are adult resident citizens of the state of Georgia. Accordingly, complete diversity of citizenship exists in this matter given that Plaintiff is an adult resident citizen of Mississippi, Chase is a citizen of Delaware and New Jersey, and Priority Trust is a citizen of Georgia.

C. Amount in Controversy

When equitable and injunctive relief is sought "the amount in controversy is measured by the value of the object of the litigation," and "[t]he value of that right is measured by the losses that will follow." Hunt v. Washington State Apple Adver. Comm'n, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977); Webb v. Investacorp, Inc. 89 F.3d 252, 256 (5th Cir. 1996). Stated differently, "the amount in controversy, in an action for declaratory and injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir. 1983); see also Premier Indus. Corp. v. Texas Indus. Fastener Co., 450 F.2d 444, 446 (5th Cir. 1971) ("The value to the plaintiff of the rights he is seeking to protect is the measure of jurisdiction in equity cases, even though the value of that right may not be capable of exact valuation in money.").

In Frontera Transp. Co. v. Abaunza, the Fifth Circuit held, "where a suit is brought to clear title and set aside a deed of trust and vacate a deed executed to a purchaser, under a foreclosure, and if that was not done then to allow complainant to redeem on payment of the mortgage, debt, interest,

and cost (less than the jurisdictional amount), the value of the lands, not the amount required to redeem, is the amount in controversy." 271 F. 199, 201 (5th Cir. 1921).

Here, Plaintiff seeks to enjoin the foreclosure of the property, which is collateral for Defendant Chase's mortgage. The Complaint also seeks compensatory and punitive damages for the alleged wrongful foreclosure. Absent judicial relief, she will be divested of all right, title, and interest to the subject property. See United States v. Boyd, 246 F.2d 477, 482 (5th Cir. 1957). The appraisal performed in conjunction with the underlying mortgage valued the subject property at $149,000. According to Defendants, the most recent tax assessment further confirms that the property is worth at least $103,830.00. The value of the right Plaintiff seeks to protect in this action and the extent of the injury she seeks to prevent exceed the jurisdictional amount in controversy requirement.

In addition to injunctive relief, Plaintiff seeks an unspecified amount for damages, attorneys' fees, and expenses. These items must be taken into consideration when ascertaining the amount in controversy. See White v. FCI USA, Inc., 319 F. 3d 672, 275 (5th Cir. 2003). Accordingly, the preponderance of the evidence shows that it is more likely than not the amount of Plaintiff's claim will exceed $75,000. Because Plaintiff has failed to demonstrate that her recovery will not exceed $75,000 to a legal certainty, Plaintiff's Motion to Remand [18] is DENIED.

D.   Attorneys Fees and Expenses

Defendant Chase contends that Plaintiff's filing of her motion to remand was unjustified and has caused Chase to incur needless and wasteful expenses in responding to the motion while at the same time being thwarted in its ability to exercise its right to foreclose on the subject property. Thus, Chase argues it is entitled to recover attorney's fees and expenses incurred as a result of Plaintiff's

motion to remand. The Court is of the opinion that an award of fees and expenses is not justified. As such, Defendant's request for fees and expenses is denied.

## IV. Conclusion

Defendants have proven by a preponderance of the evidence that there is complete diversity between the parties and the amount in controversy exceeds $75,000; therefore, this Court has jurisdiction to hear this matter. Because Plaintiff has failed to demonstrate that her recovery will not exceed $75,000 to a legal certainty, Plaintiff's Motion to Remand [18] is DENIED.

A separate order in accordance with this opinion shall issue this day.

**SO ORDERED** this the 4th day of March 2009.

**/s/ Sharion Aycock**
**UNITED STATES DISTRICT JUDGE**