IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JENNIFER L. MILLIGAN                                                                    PLAINTIFF

V.                                                              CIVIL ACTION NO.: 1:08CV32-SA-JAD

CHASE HOME FINANCE, LLC AND
PRIORITY TRUSTEE SERVICES OF
MISSISSIPPI, LLC                                                                        DEFENDANTS

## ORDER ON
## FIRST MOTION FOR SUMMARY JUDGMENT

Presently before the Court is Defendant Priority Trustee Services of Mississippi, LLC's (Priority Trust) First Motion for Summary Judgment [16]. Because Plaintiff has not been afforded an opportunity to gather evidence through discovery in this case, the Court finds that the motion for summary judgment is premature and should be denied.

Plaintiff initially filed this action on February 1, 2008. Defendants removed this action on February 20, 2008. On April 18, 2009, Defendant filed its first motion for summary judgment. This motion was filed prior to the release of any initial disclosures and the holding of the case management conference. There has been no discovery conducted in this case and no disclosures by any party.

When considering a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (the burden on the moving party may be discharged by 'showing . . . that there is an absence of evidence to support the non-moving party's case.'") Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movants to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and

admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324, 106 S. Ct. 2548. That burden is not discharged by "mere allegations or denials." FED. R. CIV. P. 56(E). All legitimate factual inferences must be made in favor of the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 536 (1986). Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322, 106 S. Ct. 2548. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 536 (1986).

At this juncture, the Court finds that Defendant Priority Trust's motion for summary judgment is premature as the parties have not participated in discovery. Although Rule 56 allows a party to move for summary judgment "at any time," the granting of summary judgment is limited until "after adequate time for discovery." Celotex, 477 U.S. at 322, 106 S. Ct. 2548. As such, the Court finds that the motion for summary judgment is DENIED as premature. However, Defendant Priority Trust will be allowed to resubmit its motion for summary judgment at the close of discovery.

**SO ORDERED** this the 4th day of March, 2009.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**